UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL C. STEIN,

    Plaintiff,

    v.

    Civil Action 2:15-cv-2681
    Judge Gregory L. Frost
    Magistrate Judge Elizabeth P. Deavers

DIRECTOR GARY MOHR, *et al.*,

    Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants,[1] alleging violations of his constitutional rights and state law claims. Plaintiff sues each Defendant in their individual and official capacities. The Court granted Plaintiff's Motion to Proceed *in forma pauperis* on August 6, 2015. (ECF No. 3.) This matter is currently before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff names Director of the Ohio Department of Rehabilitation and Corrections ("ODRC") Gary Mohr, Chief Inspector John Doe, Religious Administrator Wanza Jackson, Warden Michael Oppy, Institutional Inspector Robert Witten, Principal K. Parks, Librarian Mahogany Cross, Chaplain Chris Markko, Deputy Warden of Special Services Jenni Williams, Deputy Warden of Operations Charles Bradley, Institutional Inspector Diehl, Religious Services Administrator D. Michael Davis, Assistant Librarian William Harmon, Warden H. Mark Hooks, Nurse Jane Doe, Nurse Supervisor Jane Doe, Correctional Medical Center ("CMC") Warden Francisco Pineda, CMC Institutional Inspector John Doe, and CMC Deputy Warden of Medical Services John Doe as Defendants in this action.

Having performed the initial screen, for the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against Defendants CMC Warden Francisco Pineda, CMC Institutional Inspector John Doe, CMC Deputy Warden of Medical Services John Doe, Chief Inspector John Doe, Deputy Warden of Operations Bradley, and Institutional Inspector Witten.

## I.

Plaintiff, an inmate proceeding without counsel, is currently housed at Ross Correctional Institution ("RCI"). In his Complaint, Plaintiff raises several claims. He first alleges that Defendants Nurse Jane Doe and Supervisor Nurse Jane Doe were deliberately indifferent to his serious medical needs when they failed to give him short acting insulin after he repeatedly requested it. Plaintiff alleges that he suffered from ketoacidosis as a result of their acts and omissions.

Plaintiff further alleges that the acts and omissions of Defendants Warden Pineda, CMC Deputy Warden of Medical Operations John Doe, and CMC Institutional Inspector John Doe constitute reckless indifference and violate his First, Eighth, and Fourteenth Amendment rights. He also asserts state law claims against these Defendants.

In addition, Plaintiff brings claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment against Chaplain Markko. In this regard, he alleges that Chaplain Markko failed to submit his religious accommodation request, failed to place his name on the list to attend the Asatru religious feast of Yule, and would not make a copy of a religious poster for him. He further alleges that the chapel library had no Asatru books and that he found an Asatru book in the trash can. Plaintiff asserts that he sent several letters to

2

Religious Services Administrator Wanza Jackson, but her responses did not address his concerns with Chaplain Markko. Plaintiff also asserts that he spoke with Deputy Warden of Special Services, Jenni Williams, about his issues with Chaplain Markko, but the Chaplain's actions and behavior remained the same.

      Plaintiff further raises claims that he was denied access to the library and to legal materials. He explains that from June 4, 2013 to April 8, 2014, he was housed in isolation. During that time, he was appealing his criminal conviction, but was unable to go to the library without a pass. Plaintiff alleges that he sent kites to Librarian Cross requesting legal materials and passes for the library. He submits that his requests either went unanswered or were denied. Plaintiff further asserts that the computers they were permitted to use to access Lexis Nexis were broke down for weeks on end. He alleges that he asked Librarian Cross to fix them, without any success. Plaintiff also submits that he spoke with Warden Oppy and informed him of his ongoing issues of the library being inaccessible and about the urgency of preparing his criminal appeal. He asserts that Warden Oppy stated he would look into the issue, but the problems persisted. Plaintiff alleges that, as a result of his inability to utilize the library and computers, he turned in his criminal appeal late and that it was denied for that reason.

      Plaintiff asserts that he sent a legal notice by regular mail to Warden Oppy on November 1, 2013, informing him that Inspector Witten, Principal Parks, Librarian Cross, Chaplain Markko, Deputy Warden of Special Services Williams, and Deputy Warden of Operations Bradley had "prevented him from utilizing the grievance process, as well as covering up for each other's violations of Stein's rights." (Compl. ¶ 22, ECF No. 1.) He claims that the acts and omissions of Oppy, Williams, Cross, and Parks violated his First, Fifth, Sixth, and Fourteenth

Amendment rights. He also asserts state law claims against these Defendants.

Finally, Plaintiff alleges that the assistant librarian, Defendant Harmon, deleted all of his legal files that were saved on the library server. Plaintiff asserts that Harmon told another inmate that he deleted Plaintiff's legal materials because Plaintiff had filed an informal complaint against him. When the inmate told Plaintiff what Harmon said, Plaintiff filed another informal complaint against Harmon. Plaintiff alleges that Harmon then issued a false conduct report to Plaintiff in retaliation for Plaintiff filing the informal complaints. Plaintiff submits that he sent two legal notices to Warden Hooks, informing him of the library closures, retaliation, and religious discrimination by Chaplain Markko, but never received a response. He also submits that he sent a legal notice to Director Mohr informing him of these issues, but similarly, never received a response.

Plaintiff filed this action on August 3, 2015. (ECF No. 1.) He seeks declarative, injunctive, and monetary relief.

## II.

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

---

[2] Formerly 28 U.S.C. § 1915(d).

4

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

* * *

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, §§ 1915(e) and 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to

'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

### III.

As a preliminary matter, Plaintiff's official capacity claims for money are barred by the Eleventh Amendment. "'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'" *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)). The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign

immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Thus, dismissal pursuant to § 1915(e) of Plaintiff's official capacity claims for money damages against Defendants is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison v. Michigan*, 2013 WL 3455488 at *3 (same). Accordingly, it is **RECOMMENDED** that Plaintiff's claims for money damages against Defendants in their official capacities be **DISMISSED**.

Plaintiff also brings claims against each Defendant in their individual capacities. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id*. (citation omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants CMC Warden Francisco Pineda, CMC Institutional Inspector John Doe, CMC Deputy Warden of Medical Services John Doe, Chief Inspector John Doe, Deputy Warden of Operations Bradley, Institutional Inspector Witten were personally involved in any violation of Plaintiff's rights. The Complaint also provides insufficient factual content from which the Court could conclude that these Defendants implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. Accordingly, it is **RECOMMENDED** that the above named Defendants be **DISMISSED** from this action.

Plaintiff may proceed with his claims against Defendants Mohr, Jackson, Oppy, Parks, Cross, Markko, Williams, Diehl, Davis, Harmon, Hooks, Nurse Jane Doe, and Nurse Supervisor Jane Doe. The United States Marshal is **DIRECTED** to serve by certified mail upon these Defendants a summons, a copy of the Complaint, and a copy of this Order. These Defendants are **ORDERED** to answer or otherwise respond to the Complaint within **FORTY-FIVE (45) DAYS** after being served with a copy of the Complaint and summons.

## IV.

For the above-stated reasons, the Undersigned **RECOMMENDS** that Plaintiff's claims against Defendants CMC Warden Francisco Pineda, CMC Institutional Inspector John Doe, CMC Deputy Warden of Medical Services John Doe, Chief Inspector John Doe, Deputy Warden of Operations Bradley, Institutional Inspector Witten be **DISMISSED** pursuant to 28 U.S.C. § 1915(e). Plaintiff may proceed with his claims against Defendants Mohr, Jackson, Oppy, Parks,

Cross, Markko, Williams, Diehl, Davis, Harmon, Hooks, Nurse Jane Doe, and Nurse Supervisor Jane Doe.

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 4, 2015          /s/ *Elizabeth A. Preston Deavers*
                                                                        ELIZABETH A. PRESTON DEAVERS
                                                                        UNITED STATES MAGISTRATE JUDGE