## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SAMUEL C. STEIN,**

          **Plaintiff,**

    **v.**

**GARY MOHR, et al.,**

        **Defendants.**

        **Case No. 2:15-cv-2681**
        **JUDGE GREGORY L. FROST**
        **Magistrate Judge Elizabeth P. Deavers**

### OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation ("R&R") dated September 5, 2015. (ECF No. 4.) In that filing, the Magistrate Judge performed an initial screen of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge recommended that the Court dismiss Plaintiff's claims for money damages against all defendants in their official capacities. Regarding the claims against Defendants in their individual capacities, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims against CMC Warden Francisco Pineda, CMC Institutional Inspector John Doe, CMC Deputy Warden of Medical Services John Doe, Chief Inspector Doe, Deputy Warden of Operations Bradley, and Institutional Inspector Witten.

Plaintiff objected to the Magistrate Judge's recommendation that the Court dismiss the claims against Warden Pineda, Institutional Inspector Doe ("II Doe"), and Chief Inspector John Doe ("CI Doe"). For the reasons that follow, the Court **OVERRULES** the objection and **AFFIRMS AND ADOPTS** the R&R.

## I.    BACKGROUND

Plaintiff is an inmate at Ross Correctional Institution ("RCI").  On August 3, 2015, Plaintiff filed a complaint against multiple defendants pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights.  The claims against the three defendants at issue ( Warden Pineda, II Doe, and CI Doe) are summarized below.

Plaintiff alleges that he is a diabetic and that, in August of 2013, two nurses at the Corrections Medical Center ("CMC") denied him his insulin.  Plaintiff alleges that this denial of medical treatment violated his constitutional rights.  Plaintiff further alleges that, in March of 2014, he informed Warden Pineda "of the fact that he had been regularly denied his insulin while at CMC. . . .  No response was ever received."  (ECF No. 1 ¶ 4.)  This is the only factual allegation against Warden Pineda.

Plaintiff alleges that II Doe "is response for handling grievances at CMC."  (*Id*. at PAGEID # 6.)  Plaintiff does not make any allegations against II Doe directly, but states that he claimed in a "legal notice" to Warden Pineda "that there existed a conspiracy between the CMC deputy warden of medical operations, and CMC institutional inspector John Doe to prevent him from using the grievance process, as well as to deny him medical care."  (*Id*. ¶ 4.)

Plaintiff makes a similar allegation against CI Doe, who allegedly "is legally responsible for handling grievances at the [Ohio Department of Rehabilitation and Corrections] central office."  (*Id*. at PAGEID # 4.)  Plaintiff alleges that he informed Defendant Mohr that he believed "there was an ongoing conspiracy between" CI Doe and other defendants.  (*Id*. ¶ 28.)

## II.    ANALYSIS

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed.

R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge correctly set forth the standard of review for the dismissal of claims

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). That is: "[T]he court shall dismiss the case at any time

if the court determines that – . . . the action or appeal . . . fails to state a claim on which relief

may be granted." (ECF No. 4, at PAGEID # 35.) The following standard applies in determining

whether a complaint fails to state a claim:

> To properly state a claim upon which relief may be granted, a plaintiff must
> satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal
> Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.
> 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review
> under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not
> require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and
> conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is
> insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic
> Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not
> "suffice if it tenders 'naked assertion[s]' devoid of 'further factual
> enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a
> motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal
> Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . .
> to 5 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*,
> 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads
> factual content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged." Id. In considering whether this
> facial plausibility standard is met, a Court must construe the complaint in the light
> most favorable to the non-moving party, accept all factual allegations as true, and
> make reasonable inferences in favor of the non-moving party. *Total Benefits
> Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434
> (6th Cir. 2008) (citations omitted). Additionally, the Court must construe pro se
> complaints liberally. *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 362 (6th Cir.
> 2010). The Court is not required, however, to accept as true mere legal
> conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

(*Id*. at PAGEID # 35–36.)

The Magistrate Judge further set forth the standard for claims under § 1983:

> In order to plead a cause of action under § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.' *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).

(*Id*. at PAGEID # 37.)

Applying that standard, the Magistrate Judge found that Plaintiff failed to allege personal involvement against Warden Pineda, II Doe, and/or CI Doe.  The Magistrate Judge stated: "Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that [these defendants] were personally involved in any violation of Plaintiff's rights."  (*Id*. at PAGEID # 38.)  The Magistrate Judge further stated: "The Complaint also provides insufficient factual content from which the Court could conclude that these Defendants implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct."  (*Id*.)

Plaintiff objects to these conclusions.  In support of his position, Plaintiff essentially restates the allegations involving Warden Pineda, II Doe, and CI Doe in his complaint.  Plaintiff asserts that CI Doe approved of the alleged misconduct because he has a duty to ensure that the corrections center obeys all applicable laws, rules, and regulations.

Plaintiff's objections are without merit.  As the Magistrate Judge correctly concluded, vague allegations that certain individuals engaged in a "conspiracy," without more, are insufficient to assert a constitutional claim against those defendants.  The claims against II Doe and CI Doe therefore fail to set forth sufficient factual content to satisfy Rule 8's notice pleading requirements. The claims against these defendants fail for the additional reason that they involve reporting alleged violations after the fact; in other words, they do not sufficiently allege that these defendants' inaction *caused* a constitutional violation.

4

The claim against Warden Pineda fails for the same reason.  Plaintiff alleges that he reported the alleged constitutional violation to Warden Pineda several months after the fact and did not receive a response.  Plaintiff does not allege that Warden Pineda's inaction caused a constitutional violation.  For these reasons, the Court finds no reason to modify or set aside the R&R.

### III.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the objection (ECF No. 5) and **AFFIRMS AND ADOPTS** the R&R (ECF No. 4).

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**