UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL C. STEIN,

    **Plaintiff,**

                                          Civil Action 2:15-cv-2681
                                          Judge Gregory L. Frost
    v.                                  Magistrate Judge Elizabeth P. Deavers

GARY MOHR, et al.,

    **Defendants.**

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Temporary Restraining Order & for Preliminary Injunction (ECF No. 9), Defendants' Responses in Opposition (ECF Nos. 14 & 15), and Plaintiff's Reply (ECF No. 17). For the reasons set forth below, the Undersigned **RECOMMENDS** that Plaintiff's Motion be **DENIED**

### I. BACKGROUND

In this prisoner civil rights case, Plaintiff first alleges that his Eighth Amendment rights have been violated because Defendants have denied him adequate medical treatment for the maintenance of his diabetic condition. (ECF No. 1 at 7-9.) According to Plaintiff, Defendants on several occasions refused to give him insulin when needed. (ECF No. 1 at 7-8.) Plaintiff also claims that Defendants violated his First Amendment right of freedom of religion and Fourteenth Amendment due process and equal protection rights by refusing certain requests related to his Asatru religious beliefs. (ECF No. 1 at 9-11.) Plaintiff states that Defendants refused to allow him to attend an Asatru religious event and also refused to make a copy of an Asatru religious poster. (ECF No. 1 at 9-10.) Plaintiff further claims that while he was in lockdown in 2013, he was often denied access to the RCI legal library, which, according to Plaintiff, rarely had

working computers. (ECF No. 1 at 12-13.) Plaintiff states that his state court appeal and federal habeas corpus action were both denied because he could not access the RCI legal library. (*Id*.) Last, Plaintiff alleges that Defendants deleted his legal files saved on the RCI library server and placed several restrictions on him because he filed a complaint against the assistant librarian. (ECF No. 1 at 13.) According to Plaintiff, these sanctions constitute another violation of his First Amendment and Fourteenth Amendment rights of access to the courts. (ECF No. 1 at 14.)

In his motion for a temporary restraining order and preliminary injunction, Plaintiff alleges that Defendants have disciplined him for helping other inmates with their legal documents and mail. (ECF No. 9 at 3.) According to Plaintiff, the discipline included library restrictions. (ECF No. 9 at 4.) Plaintiff also claims that Defendants "is not being provided with adequate snack-bag materials at meal time. This has led to *frequent* hypoglycemic episodes." (*Id*.)

## II. STANDARD OF REVIEW

The Court weighs four factors in determining whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a). Those factors are as follows: (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). No one factor is dispositive. *Id*. Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue. *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). These same factors are to be considered with respect to a temporary restraining order under Fed. R. Civ. P. 65(b). *Northeast*

*Coalition for Homeless Service Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). With these standards in mind, the Court must determine whether Plaintiff is entitled to the relief he is seeking.

### III. ANALYSIS

#### A. Plaintiff's First and Fourteenth Amendment Access to the Courts Claims

Plaintiff claims that he has received various forms of punishment for helping other inmates with legal matters while imprisoned at Ross Correctional Institute ("RCI"), an Ohio state correctional institution. (ECF No. 9 at 3-4.) Plaintiff provides copies of two conduct reports that he claims resulted in constitutional violations. (ECF No. 9 at 6-8.) The first conduct report states that Plaintiff violated prison rules by helping another inmate with his legal mail without authorization. (ECF No. 9 at 6.) The second indicates that Plaintiff violated prison rules by trading his legal services for care packages. (ECF No. 9 at 7.) The report indicates that Plaintiff's violation arose from the trade of services for payment, not for helping another inmate with legal matters. (*Id.*) Plaintiff provides evidence that he actually received discipline only for the second violation. (ECF No. 9 at 8.)

Mindful that Plaintiff has not served any Defendants with process in this matter, the Court ordered briefing only with respect to Plaintiff's Eighth Amendment claims with respect to his treatment for diabetes. (ECF No. 10.) The Undersigned finds that resolution of Plaintiff's First and Fourteenth Amendment claims are more properly resolved simultaneously with the other, related claims stated in his Complaint on a dispositive motion rather than on this motion for emergency, interim relief.

#### B. Plaintiff's Eighth Amendment Claims

The Supreme Court has stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first show facts which establish that a sufficiently serious deprivation has occurred.  *Id*.  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  Routine discomforts of prison life do not suffice.  *Id*.  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9.  A plaintiff must also establish a subjective element showing the prison official acted with a sufficiently culpable state of mind.  *Id*.  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A prisoner states an Eighth Amendment claim where he is denied some element of civilized human existence due to deliberate indifference or wantonness.  *Wilson*, 501 U.S. at 298; *Street v. Corr. Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).  "In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere frustration or annoyance."  *Id*. (citing *Hudson*, 503 U.S. at 9–10).  Where medical assistance has been administered, such treatment must be so

4

"woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake v. Lucas*, 537 F.2d 857, 860–61 n.5 (6th Cir. 1976). Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd v. Wilson*, 701 F.2d 592, 595 n.2 (6th Cir. 1983); *Westlake*, 537 F.2d at 860–61 n.5. Furthermore, "[w]here a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citing *Westlake*, 537 F.2d at 860 n.5).

In his motion, Plaintiff acknowledges that RCI staff transported him to the infirmary for treatment after each hypoglycemic episode. (ECF No. 9 at 4.) According to Plaintiff, he suffered five such episodes. (ECF No. 9 at 1.) Plaintiff states, however, that he suffered numerous other minor hypoglycemic episodes that did not require an urgent response, but could be treated with oral glucose. (ECF No. 9 at 1-2.) According to Plaintiff, many of these episodes were caused by Defendants' deliberate acts, including Defendants' refusal to give him a certain kind of insulin. (ECF Nos. 1 at 7 & 9 at 2.)

In their Response, Defendants provide affidavits from a nurse practitioner who provided Plaintiff with medical care and treatment at RCI. According to the affidavit, Plaintiff's hypoglycemic events are common to patients with his medical condition. (ECF No. 14-1 at 2.) Further, the affidavit states that the insulin Plaintiff is receiving is just as effective and safe as the kind he personally requested. (ECF No. 14-1 at 3.) Furthermore, according to the affidavit, Plaintiff's blood sugar levels have improved, to levels considered "fair" for Type 1 diabetics, as a result of the care he has received since arriving at RCI. (ECF No. 14-1 at 2.) The affiant concludes:

> It is my professional medical opinion that the five hypoglycemic episodes experienced by Mr. Stein were promptly addressed and properly treated by RCI

>medical staff. It is also my professional medical opinion that with respect to these hypoglycemic events, Mr. Stein was never in any immediate danger of any irreparable physical harm or irreparable serious medical condition. These five hypoglycemic episodes experienced by Mr. Stein were typical hypoglycemic events which are a product of the Type 1 diabetes disease process.

(ECF No. 14-1 at 4.) Medical records provided by Defendants corroborate the affiant's assertions. (ECF No. 14-1 at 6-24.) In contrast, Plaintiff provides no evidence suggesting Defendants have violated his Eighth Amendment rights. Plaintiff, rather, asserts violations arising from Defendants' failure to provide his preferred method of medical treatment. The essence of Plaintiff's claim, then, is that he disagrees with Defendants' treatment plan, Defendants provided him with inadequate medical care, and Defendants were negligent in their treatment. In sum, Plaintiff fails to produce evidence of both "wanton and unnecessary infliction of pain" and "deliberate indifference" to support his Eighth Amendment claims. Accordingly, the Undersigned finds it unlikely that he will succeed on the merits of these claims.

Plaintiff also fails to demonstrate that he will suffer irreparable harm if the requested relief is not granted. Where, as here, Plaintiff "has not shown a continuing violation of his Eighth Amendment rights, . . . the irreparable injury must be more than his allegation of a constitutional violation." *Rhinehart v. Scutt*, No. 12–1204, 2013 WL 28095at *4 (6th Cir. Jan.2, 2013). With respect to irreparable injury, Plaintiff fails to explain how he will be permanently injured if injunctive relief does not issue. Despite Plaintiff's disagreement with the course of treatment for his condition, as explained above, he does not allege that he is being denied treatment. Because Plaintiff has failed to demonstrate that his condition will worsen if he does not receive the requested relief immediately and Defendants have adduced evidence that his condition is actually improving, this factor weighs against granting the motion.

6

The third factor, frequently termed "the balance of the equities," also weighs against granting Plaintiff's motion on Eighth Amendment grounds. *Id*. at *5. This factor requires the Court to weigh the interests of Defendants against Plaintiff's interest in receiving the requested medical care. Because, as discussed above, Plaintiff has shown neither a likelihood of success on the merits or irreparable harm, this balance weighs against preliminary injunctive relief. *Id*.

Finally, no public interest would be served by granting Plaintiff the relief he seeks. Interference by federal courts in the administration of state prison matters is generally disfavored. *See Johnson v. Payton*, No. 13-11437, 2013 WL 1843979 at *5 (E.D. Mich. Apr. 10, 2013) (citing *Glover v. Johnson*, 855 F.2d 277, 286–87 (6th Cir. 1988) ("Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a showing of a violation of constitutional rights.")). Consequently, the public interest does not support the remedy of injunctive relief.

The Undersigned finds, therefore, that the four factors do not favor the granting of preliminary injunctive relief. *Washington*, 35 F.3d at 1099.

## IV.  CONCLUSION

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's motion for a temporary restraining order and a preliminary injunction be **DENIED**. (ECF No. 9.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: November 30, 2015                       /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE