# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SAMUEL C. STEIN,**

    **Plaintiff,**

**vs.**                                                **Case No.: 2:15-cv-2681**
                                                            **JUDGE GEORGE C. SMITH**
                                                            **Magistrate Judge Deavers**

**GARY MOHR,** *et al.***,**

    **Defendants.**

## ORDER

On December 7, 2016, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants' Motion for Judgment on the Pleadings (Doc. 47) be granted. The parties were advised of their right to object to the *Report and Recommendation*. This matter is now before the Court on Plaintiff's Objections to the Magistrate Judge's *Report and Recommendation*. (Doc. 64). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

When a party objects within the allotted time to a Report and Recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge correctly set forth the standard of review for a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Applying that standard, the Magistrate Judge found that Plaintiff failed to allege sufficient claims against

Defendants and therefore that Defendants were entitled to judgment on the pleadings.

The objections present the same issues presented to and considered by the Magistrate Judge in the *Report and Recommendation*. Plaintiff asserts that his claims against the individual defendants in their official capacity for prospective relief should be permitted to go forward based on the *Ex parte Young* doctrine. However, Plaintiff's alleged violations are based on past actions of the Defendants, not continuing actions and therefore the *Ex parte Young* exception does not apply.

Next, Plaintiff argues that he has sufficiently pled a claim for retaliation against Defendants Diehl and Harmon. However, the Court has carefully reviewed the allegations in Plaintiff's Complaint and finds that he has failed to allege any personal involvement by these individual defendants sufficient to maintain a claim.

Finally, Plaintiff challenges the Magistrate Judge's conclusions with respect to Defendants Cross and Markko. With respect to Cross, Plaintiff argues that he was prevented from timely filing his application to reopen his case and therefore suffered actual injury. (Doc. 64, Pl.'s Objs. at 4). This argument was discussed in detail by the Magistrate Judge and the Court agrees with that reasoning.

With respect to Defendant Markko, Plaintiff asserts that the Magistrate Judge incorrectly characterized his claim. Plaintiff states that he did not make any claim that he was denied a religious diet, but rather requested to participate in a religious activity, the feast of Yule. (*Id*.). Defendants respond that the Complaint fails to allege that the prison held a feast of Yule that Plaintiff was denied attendance to. Nor is there any allegation that attending the feast of Yule is

a tenant of Plaintiff's faith or that he couldn't celebrate on his own.  The Court agrees that Plaintiff has not sufficiently pled a constitutional violation.

Therefore, for the reasons stated in detail in the *Report and Recommendation*, this Court finds that Plaintiff's objections to the *Report and Recommendation* are without merit and are hereby **OVERRULED**.

The *Report and Recommendation* (Doc. 63) is hereby **ADOPTED** and **AFFIRMED.**  Defendants' Motion for Judgment on the Pleadings is hereby **GRANTED**.  All other pending motions and this Court's prior Report and Recommendation are now **MOOT**.  The Clerk shall remove Documents 47, 55, 57, 59, 63, 64, 65, and 66 from the Court's pending motions list and enter final judgment in favor of Defendants.

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**